**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4936**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KYJAHRE HASAN RILEY,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:12-cr-00060-WO-1)

———————

Submitted:  September 30, 2013    Decided:  October 18, 2013

———————

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Mark A. Jones, BELL, DAVIS & PITT, PA, Winston-Salem, North Carolina, for Appellant.  Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kyjahre Hasan Riley appeals his 180-month sentence following his guilty plea to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). In accordance with Anders v. California, 386 U.S. 738 (1967), Riley's counsel has filed a brief certifying that there are no meritorious issues for appeal but questioning whether Riley was properly subject to sentencing under 18 U.S.C. § 924(e) (2006) ("ACCA"). Riley has filed a supplemental brief in which he echoes and adds to counsel's arguments. Riley also alleges ineffective assistance of counsel and prosecutorial misconduct and claims that the district court improperly limited his opportunity to advocate on his own behalf at sentencing. Finding no error, we affirm.

We review Riley's sentence for reasonableness, using an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We must first review for "significant procedural error[s]," including improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, sentencing under clearly erroneous facts, or failing to adequately explain the sentence. Gall, 552 U.S. at 51; United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Only if we find a sentence procedurally reasonable may we

2

consider its substantive reasonableness. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

Here, counsel and Riley raise numerous questions of law with respect to Riley's ACCA classification. We review such claims de novo. See United States v. Gomez, 690 F.3d 194, 197 (4th Cir. 2012).

First, we reject Riley's suggestion that the ACCA's residual clause is unconstitutionally vague. Sykes v. United States, 131 S. Ct. 2267, 2277 (2011); United States v. Hudson, 673 F.3d 263, 268-69 (4th Cir.), cert. denied, 133 S. Ct. 207 (2012).

Further, we conclude the district court did not err in its determination that Riley's two North Carolina convictions for fleeing or eluding arrest in a motor vehicle, in violation of N.C. Gen. Stat. § 20-141.5 (2011), are crimes of violence. Regardless of the aggravating circumstances involved, Riley's intentional, vehicular flight from law enforcement "pose[d] a potential level of risk that is sufficient to render the offense a violent felony." Hudson, 673 F.3d at 268; see also Sykes, 131 S. Ct. at 2274 (stating that vehicular flight creates inherent risk of violence).

Similarly, Riley's North Carolina conviction for second-degree burglary qualifies as an ACCA predicate. The elements of second-degree burglary in North Carolina clearly

3

track the definition of "generic burglary." Descamps v. United States, 133 S. Ct. 2276, 2283 (2013); State v. Key, 636 S.E.2d 816, 821 (N.C. Ct. App. 2006).

The district court also did not err in counting Riley's prior felonies as separate offenses under the ACCA. Each was committed during a distinct episode of criminal conduct. United States v. Davis, 689 F.3d 349, 358-59 (4th Cir. 2012).

Finally, Riley's three prior offenses are properly considered felonies despite the facts that they (1) were not charged in Riley's indictment, (2) were not admitted by Riley or found by a jury, and (3) did not result in Riley actually serving a sentence of imprisonment greater than one year. Riley could have received more than one year of imprisonment for each offense, and the fact of a prior conviction need not be indicted, proven to a jury, or admitted by a defendant. Alleyne v. United States, 133 S. Ct. 2151, 2160 n.1 (2013); United States v. Simmons, 649 F.3d 237, 246-50 (4th Cir. 2011) (en banc); United States v. Cheek, 415 F.3d 349, 352 (4th Cir. 2005). Accordingly, our review of the record leads us to conclude that Riley's sentence is procedurally and substantively reasonable.

Turning to Riley's claim of ineffective assistance of counsel, the record on appeal does not clearly support Riley's

4

allegations and therefore they are best left for review under 28 U.S.C.A. § 2255 (West Supp. 2013). <u>United States v. Benton</u>, 523 F.3d 424, 435 (4th Cir. 2008). Moreover, we reject Riley's suggestion of prosecutorial misconduct, and the record belies Riley's contention that the district court improperly limited his ability to raise objections during sentencing.

In accordance with <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Riley, in writing, of his right to petition the Supreme Court of the United States for further review. If Riley requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Riley. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>